IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NEIL ROMERO, | CV 19-00011-H-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JIM SALMONSEN, ALVIN FODY, CARLA STRUTZEL, CHRISTINE SLAUGHTER, C/O PHILLPOT, and LORNA KUCHINSKY, | |
| Defendants. | |

On August 12, 2019, this Court issued a Scheduling Order requiring the parties to file an initial disclosure statement within 60 days and to exchange documents which may be used in proving or denying any party's claims or defenses. (Doc. 13 at 1-3, ¶¶ I(A), (B).) Mr. Romero did not timely file a disclosure statement. On November 7, 2019, the Court issued an Order requiring Mr. Romero to file this statement on or before December 6, 2019. Mr. Romero was specifically advised that a failure to do so would result in a recommendation that this matter be dismissed for failure to comply with a court order. (Doc. 20.) Mr. Romero did not respond.

Based upon Mr. Romero's failure to comply with the Court's Orders dated August 12, 2019 (Doc. 13) and November 7, 2019 (Doc. 20), this matter should be

1

dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The

Court has the inherent power to sua sponte dismiss a case for lack of prosecution or

failure to comply with a court order.  *Henderson v. Duncan*, 779 F.2d 1421, 1423

(9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258,

1260 (9th Cir. 1992).  Dismissal, however, is a harsh penalty and should be

imposed as a sanction only in extreme circumstances.  *Henderson*, 779 F.2d at

1423.

The following factors must be considered before dismissal is imposed as a

sanction for failure to prosecute or failure to comply with a court order:  (1) the

public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the

availability of less drastic alternatives; and (5) the public policy favoring

disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.

2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors

dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

This case is at a critical stage in that it is the beginning of the discovery

process and Mr. Romero has failed to comply with Court imposed discovery

obligations.  This factor weighs in favor of dismissal.

2

For much the same reasons, the second factor supports dismissal.  The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261.  "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983).  The Court must be able to manage its docket.  It cannot do so if Mr. Romero refuses to comply with Court imposed deadlines.  Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Mr. Romero's refusal to litigate this matter makes prejudice a foregone conclusion.  The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel*

3

*v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Romero was made aware of his disclosure obligations in the Court's August 12, 2019 and November 7, 2019 Orders. (Docs. 13, 20.) Mr. Romero did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's orders.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.   28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 13th day of December, 2019.


   */s/ John Johnston*            
John Johnston
United States Magistrate Judge